136 A.2d 189 (1954)
Cecil P. YOUNG and Delmas K. Kitchen, Plaintiffs,
v.
Sigmund JANAS, T. Peter Ansberry, "John" Feder (his real first name being unknown) and Permachem Corporation, Defendants.
Court of Chancery of Delaware, New Castle.
January 7, 1954.
Richard F. Corroon, of Berl, Potter & Anderson, Wilmington, and John Lane, of Sullivan, Donovan, Heenehan & Hanrahan, New York City, for plaintiffs and intervening plaintiffs.
William Marvel, of Morford, Bennethum & Marvel, Wilmington, for defendants Permachem Corp. and Sigmund Janas.
Robert H. Wahl, of Rinard, Warburton & Wahl, and William E. Taylor, Jr., Wilmington, for defendant T. Peter Ansberry.
*190 SEITZ, Chancellor.
This is the decision on the renewed motions of Cortez F. Enloe and Enrico Caruso to intervene as parties plaintiff under Chancery Court Rule 24(a) or (b), Del.C. Ann. The moving parties seek to intervene in an action brought under 8 Del.C. § 225 (former Corporation Law, § 31) by two stockholders seeking a judicial determination of the proper directors and officers of the defendant corporation. All the defendants who have appeared object to the granting of the motions on the grounds that they are not entitled to intervene as of right under 24(a) and that in the exercise of its discretion the court should not grant permissive intervention under 24(b).
The court is first presented with the question of two stockholders seeking to intervene in this statutory proceeding as a matter of right under the language of Rule 24(a) (2) which permits such intervention upon timely application "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action". No question of timeliness is involved.
Let us consider initially whether the judgment may be binding upon the moving parties. The implications of the statute authorizing a review of corporate elections were discussed many years ago in Fleer v. Frank H. Fleer Corp., 14 Del.Ch. 277, 125 A. 411. The Chancellor there stated that the statute provides for a review of grievances which are common to the entire corporate body and so provides every stockholder with an interest thereunder. In view of the statutory language, the Chancellor's discussion in the Fleer case and the sweeping nature of the review here sought, I think it reasonable to conclude that the present applicants "may" be bound by a judgment in this action.
The sole question remaining is whether the representation of the applicants' interest by existing parties is or may be inadequate. The defendants argue that "representation" as used in the rule refers solely to the ability of plaintiffs' counsel in cases where, as here, the intervener's complaint will be identical with that already filed. The attorney for the applicants says that this language refers to the "representation" by the plaintiffs as parties and does not refer to the ability of plaintiffs' counsel.
It seems clear to me that the language of the rule concerning representation at least embraces situations where the ability or status of plaintiff as plaintiff adequately to uphold the rights common to that position may be in doubt. The slightest consideration of the many situations mentioned in 4 Moore's Federal Practice (2nd Ed.) §§ 24.08 and 24.11 compels the court to construe the word "representation" as including the quality of the case which plaintiff may be in a position to present, in contrast with the calibre of his attorney. Certainly, where as here, plaintiffs may be subject to the defense of estoppel, which is personal to them, the first requirement of the particular subdivision of the rule is met, viz., inadequacy of representation by existing parties.
I therefore conclude that the applicants are entitled to intervene as of right under Chancery Court Rule 24(a) (2). It thus becomes unnecessary to decide whether that rule also applies to situations where the sole question is the evaluation of the merits of the attorneys involved.
Order on notice.