136 A.2d 193 (1954)
Louis SCHIFF and Jacob Sacks, Plaintiffs,
v.
RKO PICTURES CORPORATION, Howard R. Hughes, Noah Dietrich, James R. Grainger, E. L. Walton, William H. Clark, Garrett Van Wagner, Charles Boasberg, J. Miller Walker and A. Dee Simpson, Defendants.
Court of Chancery of Delaware, New Castle.
March 5, 1954.
*194 Herbert L. Cobin, Wilmington, Halperin, Natanson, Shivitz & Scholer, and Hoffman, Bondi, Buchwald & Hoffman, New York City, for plaintiffs.
William S. Potter and Richard F. Corroon of Berl, Potter & Anderson, Wilmington and Roy W. McDonald of Donovan, Leisure, Newton, Lumbard & Irvine, New York City, for defendant, RKO Pictures Corp.
Robert C. Barab, Wilmington, and Nemerov & Shapiro, New York City, for Milton Friedman, intervening defendant.
Russell J. Willard, Jr., of Hastings, Stockly & Walz, Wilmington, and Israel Beckhardt, New York City, for Sidney Schwartz, proposed intervening plaintiff.
SEITZ, Chancellor.
I first consider the application of Sidney Schwartz, a stockholder of defendant corporation, to intervene either as a matter of right or as a matter of discretion under Chancery Court Rule 24, Del.C.Ann. Plaintiffs object and the corporation takes no position.
The applicant is the plaintiff in a New York action which in effect will be settled or at least disposed of if the transaction here involved is upheld. Since it must be assumed that the value of the New York action for waste was evaluated by the directors in accepting the Hughes offer (it being a corporate asset), and since it is not unreasonable to assume that the applicant may have more knowledge of the merits of his action than the present plaintiffs, I believe that he should at least be granted permissive intervention under rule 24(b).
The applicant failed to file an appropriate pleading with his motion to intervene as required by rule 24(c) and plaintiffs object on that ground. His motion to intervene will not be granted unless and until such a pleading is served and filed. I might add that when and if the applicant intervenes it will be as an intervening plaintiff and not as a "co-party plaintiff" as requested by the original plaintiffs.
I next consider the application of Milton Friedman for leave to intervene as a party defendant. Plaintiffs object and the corporation takes no position.
If the application of this stockholder to intervene as a party defendant is to be granted it must come under Chancery Court Rule 24(a) (dealing with intervention as a right). Whether applicant has such a right depends upon whether he can show compliance with the requirement in the rule that "the representation of the applicant's interest by existing parties is or may be inadequate".
To consider whether the corporation may not adequately represent applicant's "interest", it is necessary to see what applicant's interest is. Under the terms of the offer and in view of the legal position proposed to be taken by the applicant, his "interest" *195 is in getting the $6.00 redemption price for his shares, if the terms and conditions of the offer are met. While both the defendant corporation and the applicant seek to uphold the acceptance of the offer, it is apparent that applicant's interest is not precisely the same as the corporation's, although their immediate objective is now the same. I therefore believe that despite plaintiffs' contention, the applicant does have an "interest" within the meaning of the rule.
Applicant says that he does not challenge the adequacy of the defendant corporation's counsel, rather he urges that his interest may not be adequately represented by the defendant corporation for two reasons:
1. He says that the corporation is dominated by the offeror Hughes and the defense may be dictated by the Hughes interest rather than the interest of the other stockholders, and that the two may not continue with the same objective.
2. Applicant seeks by his proposed motion to dismiss to assert reasons why the complaint should be dismissed or security provided by plaintiffs to insure against possible loss if the offer fails because of the pendency of the action.
Applicant points out that these defenses have not been asserted by the corporation.
I shall assume for present purposes that Hughes dominates the corporation. In view of the whole background of this controversy, it does not seem unreasonable to conclude that the corporation may not at all times adequately represent applicant's interest. Certainly, it does not seem undesirable to give the applicant a "watchdog" status.
As to point 2, this court cannot evaluate the merits of the grounds asserted the proposed motion without prejudging them. I prefer to view the matter at this stage only to the extent necessary to decide whether the grounds appear to be of sufficient substance so as not to be considered legally frivolous. Since it does not appear that they can be characterized as frivolous at this stage and since I cannot conclude to a reasonable certainty that applicant's interest will be adequately represented by the corporation on the basis of the present papers, it follows that the applicant's interest may not be adequately represented within the meaning of the rule.
Plaintiffs say that the application should be denied because applicant does not show a demand on the corporation to do what he now seeks to do. Assuming that factor might have some relevancy in determining whether the claims to be asserted are frivolous, it does not seem to me that it can otherwise affect the question of intervention as of right, particularly as to point 1, above. Plaintiffs' argument cannot be accepted here.
The applicant's motion to intervene as a defendant will be granted. However, the argument on the intervener's motion to dismiss will be held at a date after the trial, in view of the time factor.
Both interveners will be subject to the usual rule of trial subordination.
Order on notice.