136 A.2d 191 (1957)
Ralph B. CAMPBELL, Plaintiff,
v.
LOEW'S, Incorporated, a Delaware corporation, Joseph R. Vogel, William A. Parker, George L. Killion and John L. Sullivan, Defendants.
Court of Chancery of Delaware, New Castle.
October 1, 1957.
Henry M. Canby (of Richards, Layton & Finger) and Arthur G. Logan and Aubrey B. Lank (of Logan, Marvel, Boggs & Theisen), Wilmington, and Milton S. Pollack, New York City, for plaintiff.
Arthur G. Logan and Aubrey B. Lank (of Logan, Marvel, Boggs & Theisen), Wilmington, for proposed intervener.
David F. Anderson (of Berl, Potter & Anderson), Wilmington, and Louis Nizer (of Phillips, Nizer, Benjamin & Krim), New York City, and Benjamin Melniker, New York City, for all defendants.
SEITZ, Chancellor.
Joseph Tomlinson, a stockholder and director of the corporate defendant, has *192 moved to intervene as a party plaintiff for the following purposes:
1. To assert the matters contained in the complaint filed by the plaintiff.
2. To assert a claim which would direct the corporate defendant to pay the reasonable sums incurred by the Tomlinson group in the solicitation of proxies for the stockholders' meeting now fixed for October 15, 1957.
The corporate defendant opposes the motion on the ground that Tomlinson is not entitled to intervene either as a matter of right or discretion under Chancery Rule 24, Del.C.Ann. Defendant raises further objections which would attack the sufficiency of the amendment and the adequacy of the joinder of parties plaintiff.
Under my approach to this problem I need not decide whether the moving party can intervene as a matter of right.
Permissive intervention is allowed under Rule 24 (timeliness aside), "(2) when an applicant's claim or defense and the main action have a question of law or fact in common". Under this Rule the Court must also consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. I am clear that intervention will not delay or prejudice the adjudication here. The motion is timely.
The remaining question is whether the moving party's claim and the main action have a question of law or fact in common. The proposed intervener's claim with respect to the invalidity of the procedure adopted to solicit proxies seeking authority to vote for his removal as a director presents a question of law and fact in common with that claim as asserted by the present plaintiff. Yet, the present plaintiff's status to assert such a claim is attacked by the corporation. It is true that the plaintiff's status has been approved by this Court. However, this Court's ruling may not be upheld on appeal in which event the point could not be asserted in this action unless by a qualified intervener. Moreover, this matter is at a preliminary stage. There is thus no reason why the Court should not agree to obviate this procedural objection, if possible.
I therefore conclude as a matter of discretion that Tomlinson may intervene insofar as the subject matter of the complaint is concerned.
I next consider whether Tomlinson should be permitted to intervene to assert a claim by which he seeks to have the Court direct the corporation to pay the reasonable expenses to be incurred by the Tomlinson group in the solicitation of proxies for the special stockholders' meeting now fixed for October 15, 1957. See Campbell v. Loew's, Inc., Del.Ch., 134 A.2d 852, decided September 19, 1957.
Tomlinson's counsel freely conceded at oral argument that as to this aspect of the matter his client was not seeking intervention as a mere stockholder but as a director speaking for one faction of the board of directors.
This aspect of the motion cannot be considered under the intervention as a right provision of the rule because clearly Tomlinson cannot be bound by the judgment in this action with respect to this matter. Indeed, in its opinion of September 19, 1957, in Campbell v. Loew's, Inc., this Court explicitly stated that the issue here raised was not before the Court and would not be decided.
The question then is whether this aspect of the motion should be granted under the permissive provision of the rule. The only portion which is pertinent is that which recites that intervention may be granted "when an applicant's claim or defense and the main action have a question of law or of fact in common". Does Tomlinson's proposed claim have a question of law or fact *193 in common with the main action? While the Court did not decide whether the so-called Tomlinson faction of directors would be entitled to have their proxy solicitation expenses paid by the corporation, it did hold that the other faction on the board was entitled to expend corporate funds in reasonable amounts for proxy solicitation. The facts, if not the law, relevant to the disposition of this issue certainly impinge upon the issue of the right of the Tomlinson group to have the corporation defray its proxy solicitation expenses. At the present stage the Court does not desire to refine the matter too closely because it does not desire to prejudge the merits of the pleading at this time. I only say that the proposed pleading is not legally frivolous. Compare Young v. Janas, Del., 136 A.2d 189, and Schiff v. RKO Pictures Corp., Del., 136 A.2d 193. I have examined the authorities cited by the corporate defendant and I feel that they are not pertinent for at least two reasons. First, the rules of the Court have substantially changed some of the controlling principles since many of the cited cases were decided. Second, and more important, the subject matter of the proposed "new" Tomlinson claim is sufficiently related to the existing complaint in respect of the controlling principles of law and applicable facts that the authorities relied upon by defendant do not apply. In other words, the proposed new claim is, factually and legally, nothing more nor less than the "other side" of the problem presented by the determination of the right of the Vogel group to spend corporate money for proxy solicitation.
I conclude that the motion of Tomlinson to intervene to the extent that it asserts a claim with respect to the payment of proxy solicitation expenses should be granted under the permissive provision of the rule. I emphasize that the legal sufficiency of the subject matter of the amendment and the adequacy of parties is not ruled upon at this stage.
Present order on notice.