L. C. PARKER REALTORS, INC., a Delaware corporation, Plaintiff, v. DUTCH VILLAGE, INC., a Delaware corporation, Defendant.

(*May* 29, 1961.)

DUFFY, J., sitting.

*H. Albert Young, Richard H. May* (of Morford, Young and Conaway) for plaintiff, L. C. Parker Realtors, Inc.

*Clement C. Wood* (of Allmond and Wood) for defendant, Dutch Village, Inc.

*Joseph H. Flanzer, Alfred M. Isaacs* for Alexander Oppenheim.

Superior Court for New Castle County, No. 1575, Civil Action, 1960.

DUFFY, J.:

On November 9, 1960, L. C. Parker Realtors, Inc. ("Parker"), filed a complaint against Dutch Village, Inc. ("Dutch Village"), for a broker's commission. Two causes of action are alleged, first, upon a specific agreement and second,

for the reasonable value of the services allegedly performed. On January 3, 1961, Dutch Village filed an answer generally denying the allegations of the complaint. Meantime, Parker had taken the deposition of Keith M. Lord which was filed on December 20.

On March 8, 1961, Alexander Oppenheim ("Oppenheim") filed a motion for permissive intervention as a paintiff under Rule 24(b) (2), Superior Court Rules, *Del. C. Ann.* In his brief Oppenheim also argues that he is entitled to intervention of right under Rule 24(a) (2).

Both parties oppose Oppenheim's motion under either provision of the Rule, arguing, among other things, that it is not timely. I assume, without deciding, that the motion was timely made and that it should be considered under both provisions of the Rule.

The record does not disclose the identity of the purchaser which Parker alleges it produced and who was willing, ready and able to buy the property in question. Oppenheim alleges, upon information and belief, that Parker's claim is based upon an offer from a prospective purchaser produced by Oppenheim under an agreement with Parker. Oppenheim makes claim under the agreement to one-half of any moneys received by Parker. In addition, Oppenheim's proposed complaint sets out a separate cause of action against Parker seeking punative damages for Parker's "bad faith" in the way in which it handled the offer submitted by Oppenheim.

 . As to intervention of right, the Rule provides that anyone shall be permitted to intervene in an action

"* * * when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

If Parker is not proceeding upon the offer allegedly produced by Oppenheim, then Oppenheim has no "interest" rep-

resented in the suit; whatever claims he has against Parker may be resolved in a suit directly against it. But what if Parker is proceeding upon the offer allegedly produced by Oppenheim?

Oppenheim argues that he would be directly affected by the judgment and that he will be bound by it. As to the latter point, this is academic because Oppenheim concedes that he has no direct claim against Dutch Village. And should Parker fail to recover from Dutch Village it does not follow that it would not be liable to Oppenheim. But assuming that Oppenheim would be bound by the judgment, this alone is not sufficient to establish a right to intervention because the Rule puts its requirements in the conjunctive: inadequate representation must also be shown. 4 *Moore's Federal Practice* § 24.08.

In *Young v. Janas, Del. Ch.*, 1957, 136 *A.* 2d 189, Chancellor Seitz observed that representation includes the "quality" of the plaintiff's case (in contrast with the calibre of his attorney) and that it embraces situations in which the ability or status of the plaintiff as plaintiff to uphold the rights common to that position may be in doubt. Inadequacy involves a nonfeasance on the part of the plaintiff, or evidence of collusion with the opposing party, or on an adversity of interest with the petitioner. 4 *Moore, supra.*

By these tests I am not satisfied that representation of Oppenheim's interest is or may be inadequate. Any claim which Oppenheim may have against Dutch Village (and under the facts it is necessarily indirect) arising out of privity with Parker is embraced within Parker's claim. Oppenheim's claim is predicated on the production of a willing, ready and able purchaser. So is Parker's. And there is no adversity of interest between Parker and Oppenheim with respect to an alleged liability on the part of Dutch Village. As to prosecution of the suit, it seems fair to conclude that this was proceeding with at least reasonable diligence between

the date when the complaint was filed and the date when Oppenheim filed his motion. I conclude that Oppenheim is not entitled to intervention of right.

As to permissive intervention, the Rule provides that anyone shall be permitted to intervene in any action

"* * * when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Oppenheim argues that his claim arises through Parker and against Parker and that this has a relationship in law and fact with the main action.

Oppenheim concedes that he has no direct claim against Dutch Village. Essentially, his claim is against Parker (although he asks to come in as a plaintiff)—under allegations of fraud and an agreement to share commissions. In my judgment both of these counts will raise questions not common to the main action. And introduction of these issues would, in my view, prejudice the rights of the original parties. Compare *Madaloni v. Ciffo*, D. C. 1951, 11 *F. R. D.* 379. I therefore decline to permit intervention under the discretionary part of the Rule.

Order on notice.